UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| NAOMI ARCURI,<br><br>　　　　Petitioner,<br><br>v.<br><br>DEBORAH PATRICK,<br><br>　　　　Respondent. | Case No. EDCV 08-00829 JFW (AN)<br><br>**ORDER TO SHOW CAUSE RE DISMISSAL OF PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY AS TIME-BARRED** |

## I. BACKGROUND

Before the Court is a petition for a writ of habeas corpus ("Petition") brought by Naomi Arcuri ("Petitioner"), a state prisoner proceeding *pro se*. The Petition is brought pursuant to 28 U.S.C. § 2254 and it raises nine claims directed at Petitioner's underlying convictions that she sustained following a jury trial in the Riverside County Superior Court (No. HEF004579) on September 2, 2003. (Pet. 2.) For the reasons set forth below, Petitioner is ordered to show cause why her Petition should not be dismissed with prejudice because it is time-barred.

## II. DISCUSSION

### A. Standard of Review

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, states that "the judge to whom [the petition] is assigned" is required to examine the petition promptly and "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Local Rule 72-3.2 of this Court also provides "[t]he Magistrate Judge promptly shall examine a petition for writ of habeas corpus, and if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief, the Magistrate Judge may prepare a proposed order for summary dismissal and submit it and a proposed judgment to the District Judge." C.D. Cal. R. 72-3.2. Further, an untimely habeas petition may be dismissed *sua sponte*, however, the district court must give the petitioner adequate notice and an opportunity to respond before doing so. *Day v. McDonough*, 547 U.S. 198, 209-10, 126 S. Ct. 1675 (2006); *Herbst v. Cook*, 260 F.3d 1039, 1043 (9th Cir. 2001).

### B. Statute of Limitations

The Petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which establishes a one-year statute of limitations for state prisoners to file a habeas petition in federal court, because the Petition was filed after April 24, 1996, AEDPA's enactment date. 28 U.S.C. § 2244(d)(1); *See Lindh v. Murphy*, 521 U.S. 320, 327-37, 117 S. Ct. 2059 (1997). In most cases, the limitation period begins to run from "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

1    As discussed above, the face of the Petition and relevant state court records[1]/ show Petitioner sustained her underlying conviction on September 2, 2003, and was sentenced on October 31, 2003. (Pet. 2.) The Petition and relevant state court records also establish that the California Supreme Court denied her petition for review on June 29, 2005, and that Petitioner never filed a petition for certiorari with the United States Supreme Court. (Pet. 4; Official records of California courts.) Therefore, for purposes of AEDPA's limitation period, her judgment became final on September 27, 2005, which is the ninetieth day after her petition for review was denied by the California Supreme Court and the time for Petitioner to file a petition for certiorari with the Supreme Court expired. *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). The limitation period then started to run the next day, September 28, 2005, and ended a year later on September 27, 2006. 28 U.S.C. § 2244(d)(1)(A); *see also Patterson v. Stewart*, 251 F.3d 1243, 1245-47 (9th Cir. 2001) (the limitations period begins to run on the day after the triggering event pursuant to Fed. R. Civ. P. 6(a)).

Petitioner missed the deadline because she did not constructively[2]/ file the pending Petition until June 8, 2008 -- 620 days after the statute expired. Therefore, the pending Petition is time-barred unless Petitioner is entitled to statutory or equitable

---

[1]/   The Court takes judicial notice of Petitioner's records in the state appellate courts, which are available on the Internet at http://appellatecases.courtinfo.ca.gov. *See Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2002) (federal courts may take judicial notice of relevant state court records in federal habeas proceedings).

[2]/   Pursuant to the "mailbox rule," a *pro se* prisoner's habeas petition is deemed to be filed on the date the prisoner delivers the petition to prison authorities for mailing to the clerk. *Houston v. Lack*, 487 U.S. 266, 270-71, 108 S. Ct. 2379 (1988); *Huizar v. Carey*, 273 F.3d 1220, 1222 (9th Cir. 2001). The mailbox rule also applies to *pro se* state habeas petitions. *Stillman v. Lamarque*, 319 F.3d 1199, 1201 (9th Cir. 2003). The pending Petition was filed by the Clerk on June 20, 2008, however, for purpose of the timeliness analysis, the Court gives Petitioner the benefit of the doubt by assuming she constructively filed the Petition on June 8, 2008, the date she signed it. (Pet. 8.)

tolling, or an alternate start date to AEDPA's statute of limitations period under 28 U.S.C. § 2244(d)(1).

**C.     Statutory Tolling**

AEDPA provides a statutory tolling provision that suspends the limitation period for the time during which a "properly-filed" application for post-conviction or other collateral review is "pending" in state court. 28 U.S.C. § 2244(d)(2); *Bonner v. Carey*, 425 F.3d 1145, 1148 (9th Cir. 2005). An application is "pending" until it has achieved final resolution through the state's post-conviction procedures. *Carey v. Saffold*, 536 U.S. 214, 220, 122 S. Ct. 2134 (2002). The limitation period is not tolled between the time a final decision is issued on direct state appeal and the time a state collateral challenge is filed because there is no case "pending" during that interval. *Thorson v. Palmer*, 479 F.3d 643, 646 (9th Cir. 2007); *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). On collateral review, however, "intervals between a lower court decision and a filing of a new petition in a higher court," when reasonable, fall "within the scope of the statutory word 'pending'" thus tolling the limitations period. *Saffold*, 536 U.S. at 221, 223; *Evans v. Chavis*, 546 U.S. 189, 192, 126 S. Ct. 846 (2006) (*citing Saffold*).

On August 24, 2006 -- 330 days after the one-year limitation period started to run on September 28, 2005 -- Petitioner filed her first state habeas petition with the Riverside County Superior Court (No. RIC459749) and, on November 14, 2006, the petition was denied, leaving 35 days remaining before the limitation period expired. Under AEDPA, Petitioner is not entitled to statutory tolling for this 330-day period, because there was no case "pending" during this interval. *See Thorson*, 479 F.3d at 646; *Nino*, 183 F.3d at 1006.

Petitioner is entitled to statutory tolling for one complete round of habeas review from August 24, 2006, to June 27, 2007, the period during which all three of

Page 4

1  her state habeas petitions were pending and later denied in the state courts[3/] because the
2  delay was not unreasonable and she was proceeding to the next higher level of review.
3  *Saffold*, 536 U.S. at 221; *Evans*, 546 U.S. at 192. Given 307 days of statutory tolling,
4  the limitation period was extended from September 27, 2006, to July 31, 2007.

5      Petitioner is not entitled to statutory tolling for the period during which her last
6  three state habeas petitions were pending, and later denied in the appellate courts[4/]
7  because she was not proceeding to the next higher level of review. *Saffold*, 536 U.S.
8  at 221; *Evans*, 546 U.S. at 192; *Biggs v. Duncan*, 339 F.3d 1045, 1048 (9th Cir. 2003)
9  (In order for a petitioner to toll the interval between two state applications for post-
10 conviction relief, she normally must have "worked [her] way up the ladder" of state
11 courts.) Here, Petitioner moved to a lower court after the state's highest court
12 dismissed her claims on June 27, 2007, thereby precluding tolling. (Pet. 3-4; Official
13 records of California courts).

14     Thus, Petitioner is not entitled to statutory tolling for her remaining fourth

---

[3/]   On August 24, 2006, Petitioner filed her first state habeas petition in the Riverside Superior Court that was summarily denied on November 14, 2006. (Pet. 4; Official records of California courts.) On December 19, 2006, thirty-five days after her superior court habeas petition was denied, Petitioner filed a second habeas petition in the California Court of Appeal (No. E041977) that was summarily denied on January 2, 2007. (*Id.*) Finally, on January 29, 2007, Petitioner filed her third habeas petition in the California Supreme Court (No. S149797) that was summarily denied on June 27, 2007, citing *In re Swain*, 34 Cal. 2d 300, 304 (1949) and *People v. Duvall*, 9 Cal. 4th 464, 474 (1995). (*Id.*)

[4/]   After Petitioner completed her first round of collateral review to the California Supreme Court (*see supra,* n.3), on September 17, 2007, Petitioner returned to the California Court of Appeal (No. E044082) and filed her fourth state habeas petition that was denied on September 25, 2007. (Pet. 5; Official records of California courts.) On October 22, 2007, Petitioner filed her fifth state habeas petition in the California Supreme Court (S157421) that was denied on April 9, 2008. (*Id.*) Finally, on May 14, 2008, Petitioner filed her sixth state habeas petition in the California Supreme Court (S163549) that is currently pending. (*Id.*)

through sixth state habeas petitions because the petitions were filed after the extended statute of the limitation period expired on July 31, 2007, and has no tolling consequence. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2254 does not permit the reinitiation of the limitations period that has ended before the state petition was filed"); *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001) (stating that filing of state petition after AEDPA's one-year time period has elapsed bars federal habeas review); *Webster v. Moore*, 199 F.3d 1259 (11th Cir. 2000) ("A state-court petition [] that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled").

Accordingly, the face of the Petition and relevant state court records establish that this Petition, constructively filed on June 8, 2008, is untimely by 313 days (the amount of untolled time between the new limitation deadline (07/31/07) and the Petition's filing date (06/08/08)).

**D.    Alternative Start of the Statute of Limitations**

    **1.    State-Created Impediment**

In rare instances, AEDPA provides that its one-year limitation period shall run from "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." 28 U.S.C. § 2244(d)(1)(B). Asserting that the statute of limitations was delayed by a state-created impediment requires a showing of a due process violation. *Lott v. Mueller*, 304 F.3d 918, 925 (9th Cir. 2002). The face of the Petition does not set forth any facts showing that Petitioner is entitled to relief under this provision.

    **2.    Newly Recognized Constitutional Right**

AEDPA provides that, if a claim is based upon a constitutional right that is newly recognized and applied retroactively to habeas cases by the United States Supreme Court, the one-year limitation period begins to run on the date which the new right was initially recognized by the United States Supreme Court. 28 U.S.C. §

2244(d)(1)(C).  The face of the Petition does not set forth any other facts that show Petitioner is entitled to relief under this provision.

### 3. Discovery of Factual Predicate

AEDPA also provides that, in certain cases, its one-year limitation period shall run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D).  The face of the Petition does not set forth any facts showing that Petitioner is entitled to relief based upon a late discovery of the factual predicate.

## E. Equitable Tolling

"[E]quitable tolling is justified in few cases," and "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003).  "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807 (2005).  The face of the Petition does not set forth any facts showing that Petitioner is entitled to relief under this provision.

///
///
///

## O R D E R

Based upon the foregoing, the Court finds the Petition, attached exhibits, and relevant state court records indicate it is untimely. Accordingly, Petitioner shall have until **July 17, 2008**, to file a written response and show cause why her Petition should not be dismissed with prejudice because it is time-barred. In responding to this Order, Petitioner must show by declaration and any exhibits what, if any, factual or legal basis she has for claiming that the Court's foregoing analysis is factually or legally incorrect, or that AEDPA's one-year statute of limitations should be tolled, or the start date extended. If Petitioner contends she is entitled to tolling because of a lack of access to the prison law library due to a purported lockdown or some other state-created impediment, her written response must be supported by a declaration from the warden or prison librarian verifying that the law library and library materials were unavailable throughout the relevant time period because of the lockdown or other stated reason. Further, Petitioner must demonstrate that, during the time that access to the prison law library was allegedly unavailable, she made requests for legal materials to be brought to her cell and those requests were denied.

**Petitioner is warned that if a timely response to this Order is not made, Petitioner will waive her right to do so and the Court will, without further notice, issue an order dismissing the Petition, with prejudice, as time-barred. Further, if Petitioner determines the Court's above analysis is correct and the Petition is clearly time-barred, she should file a Request For Voluntary Dismissal of this action pursuant to Fed. R. Civ. P. 41(a)(1) in lieu of a response to this Order.**

IT IS SO ORDERED.

DATED: June 26, 2008    / s /   ARTHUR NAKAZATO
                              ARTHUR NAKAZATO
                              UNITED STATES MAGISTRATE JUDGE