"O"

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

NAOMI ARCURI,                        )    Case No. EDCV 08-00829 JFW (AN)
                                     )
              Petitioner,            )    **MEMORANDUM AND ORDER**
                                     )    **DISMISSING HABEAS PETITION**
       v.                            )    **AS TIME-BARRED**
                                     )
DEBORAH PATRICK, WARDEN              )
                                     )
              Respondent.            )
                                     )
_____     )

       Before the Court is a petition for a writ of habeas corpus ("Petition") brought
pursuant to 28 U.S.C. § 2254 by Naomi Arcuri ("Petitioner"), a state prisoner
proceeding *pro se.*  For the reasons discussed below, the Petition is dismissed with
prejudice because the Court finds it is time-barred.

///

///

///

# I. BACKGROUND

## A.    State Court Proceedings

On September 2, 2003, Petitioner was convicted by jury trial in the Riverside County Superior Court of second degree murder.  (Pet. 2; No. HEF004579.)

On direct review, the face of the Petition and relevant state court records[1] show Petitioner appealed her judgment of conviction to the California Court of Appeal (No. E034686) that was affirmed on April 18, 2005.  Relevant state court records also establish that Petitioner subsequently filed a petition for review with the California Supreme Court (No. S134228) that was summarily denied on June 29, 2005.  (Pet. 4; Official records of California courts.) On collateral review, as further addressed below, Petitioner filed a slew of state habeas petitions with the trial court and both state appellate courts, all of which were denied.  (*See infra* Section II.C.1.)

## B.    Pending and Prior Federal Proceedings[2]

On June 19, 2006, Petitioner filed a document that was liberally construed as a motion for an extension of time to file a federal habeas petition and related request to stay the action to give her time to exhaust her state remedies.  (No. CV 06-3849 JFW (AN), Docket No. 1.)  On June 30, 2006, the Court issued a Memorandum and Order dismissing the action without prejudice to Petitioner filing a proper federal habeas petition because the document itself failed to raise any habeas claims.  (Docket No. 3.)

On August 2, 2007, Petitioner filed her first federal habeas petition with this Court ("2007 Petition").  (No. EDCV 07-960 JFW (AN), Docket No. 1.)  The 2007 Petition raised three claims that were either unexhausted or non-cognizable, therefore, the 2007 Petition was summarily dismissed without prejudice on August 9, 2007.

---

[1]    The Court takes judicial notice of Petitioner's records in the state appellate courts, which are available on the Internet at http://appellatecases.courtinfo.ca.gov. *See Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2002) (federal courts may take judicial notice of relevant state court records in federal habeas proceedings).

[2]    The Court takes judicial notice of its own records.  Fed. R. Evid. 201.

(Docket Nos. 3, 4).  *Duncan v. Henry*, 513 U.S. 364, 365, 115 S. Ct. 887 (1995) (A petitioner must fairly present each federal claim to the state's highest court in order to satisfy the exhaustion requirement).

On June 8, 2008, Petitioner constructively filed her pending Petition that raises nine claims for relief.[3/]  Pursuant to the Court's duty to screen § 2254 petitions, the Magistrate Judge found the face of the Petition and relevant state court records plainly disclosed that this action was barred by the one-year statute of limitations of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA").   28 U.S.C. §2244(d)(1)(A).  Accordingly, on June 26, 2008, the Magistrate Judge issued an order to show cause that notified Petitioner the action appeared to be time-barred absent some other basis for tolling or an alternative start to AEDPA's one-year limitation period under 28 U.S.C. § 2244(d)(1)(B)-(D).  (*See* Jun. 26, 2008, Order to Show Cause Re Dismissal of Habeas Petition As Time-barred ("OSC")).  The OSC discussed various bases for tolling and directed Petitioner to show cause why the action was not time-barred by filing a written response no later than July 17, 2008. (OSC 8:3-6.)  The OSC warned Petitioner that her failure to file a timely response to the OSC would result in a waiver of her right to respond to the OSC, and that her Petition would be dismissed with prejudice as time-barred without further notice.  (OSC 8:18-23.) Petitioner filed a timely response to the OSC ("OSC Response").  The matter now stands submitted.

---

[3/]   Pursuant to the "mailbox rule," a *pro se* prisoner's habeas petition is deemed to be filed on the date the prisoner delivers the petition to prison authorities for mailing to the clerk.  *Houston v. Lack*, 487 U.S. 266, 270-71, 108 S. Ct. 2379 (1988); *Huizar v. Carey*, 273 F.3d 1220, 1222 (9th Cir. 2001).  The mailbox rule also applies to *pro se* state habeas petitions.  *Stillman v. Lamarque*, 319 F.3d 1199, 1201 (9th Cir. 2003). The pending Petition was filed by the Clerk on June 20, 2008, however, for purpose of the timeliness analysis, the Court gives Petitioner the benefit of the doubt by assuming she constructively filed the Petition on June 8, 2008, the date she signed it. (Pet. 8.)

**II. DISCUSSION**

**A.    Standard of Review**

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, states that "the judge to whom [the petition] is assigned" is required to examine the petition promptly and "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Local Rule 72-3.2 of this Court also provides "[t]he Magistrate Judge promptly shall examine a petition for writ of habeas corpus, and if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief, the Magistrate Judge may prepare a proposed order for summary dismissal and submit it and a proposed judgment to the District Judge." C.D. Cal. R. 72-3.2. Further, an untimely habeas petition may be dismissed *sua sponte*, however, the district court must give the petitioner adequate notice and an opportunity to respond before doing so. *Day v. McDonough*, 547 U.S. 198, 209-10, 126 S. Ct. 1675 (2006); *Herbst v. Cook*, 260 F.3d 1039, 1043 (9th Cir. 2001).

**B.    Statute of Limitations**

The Petition is governed by AEDPA, which establishes a one-year statute of limitations for state prisoners to file a habeas petition in federal court, because the Petition was filed after April 24, 1996, AEDPA's enactment date. 28 U.S.C. § 2244(d)(1); *See Lindh v. Murphy*, 521 U.S. 320, 327-37, 117 S. Ct. 2059 (1997). In most cases, the limitation period begins to run from "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

As discussed above, the face of the Petition and relevant state court records show Petitioner sustained her underlying conviction on September 2, 2003, and was sentenced on October 31, 2003. (Pet. 2.) The Petition and relevant state court records also establish that the California Supreme Court denied her petition for review on June

Page 4

29, 2005, and that Petitioner never filed a petition for certiorari with the United States Supreme Court. (Pet. 4; Official records of California courts.) Therefore, for purposes of AEDPA's limitation period, her judgment became final on September 27, 2005, which is the ninetieth day after her petition for review was denied by the California Supreme Court and the time for Petitioner to file a petition for certiorari with the Supreme Court expired. *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). The limitation period then started to run the next day, September 28, 2005, and ended a year later on September 27, 2006. 28 U.S.C. § 2244(d)(1)(A); *see also Patterson v. Stewart*, 251 F.3d 1243, 1245-47 (9th Cir. 2001) (the limitations period begins to run on the day after the triggering event pursuant to Fed. R. Civ. P. 6(a)).

Petitioner missed the deadline because she did not constructively file the pending Petition until June 8, 2008 -- 620 days after the statute expired. Therefore, the pending Petition is time-barred unless Petitioner is entitled to statutory or equitable tolling, or an alternate start date to AEDPA's statute of limitations period under 28 U.S.C. § 2244(d)(1).

**C.    Statutory Tolling**

**1.    State Habeas Petitions**

AEDPA provides a statutory tolling provision that suspends the limitation period for the time during which a "properly-filed" application for post-conviction or other collateral review is "pending" in state court. 28 U.S.C. § 2244(d)(2); *Bonner v. Carey*, 425 F.3d 1145, 1148 (9th Cir. 2005). An application is "pending" until it has achieved final resolution through the state's post-conviction procedures. *Carey v. Saffold*, 536 U.S. 214, 220, 122 S. Ct. 2134 (2002). The limitation period is not tolled between the time a final decision is issued on direct state appeal and the time a state collateral challenge is filed because there is no case "pending" during that interval. *Thorson v. Palmer*, 479 F.3d 643, 646 (9th Cir. 2007); *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). On collateral review, however, "intervals between a lower court decision and a filing of a new petition in a higher court," when reasonable, fall "within the

Page 5

scope of the statutory word 'pending'" thus tolling the limitations period. *Saffold*, 536 U.S. at 221, 223; *Evans v. Chavis*, 546 U.S. 189, 192, 126 S. Ct. 846 (2006) (*citing Saffold*).

On August 24, 2006 -- 330 days after the one-year limitation period started to run on September 28, 2005 -- Petitioner filed her first state habeas petition with the Riverside County Superior Court and, on November 14, 2006, the petition was denied, leaving thirty-five days remaining before the limitation period expired.   Under AEDPA, Petitioner is not entitled to statutory tolling for this 330-day period because there was no case "pending" during this interval. *See Thorson*, 479 F.3d at 646; *Nino*, 183 F.3d at 1006.

Petitioner is entitled to statutory tolling for one complete round of habeas review from August 24, 2006, to June 27, 2007, the period during which all three of her state habeas petitions were pending and later denied in the state courts because the delay was not unreasonable and she was proceeding to the next higher level of review.[4] (Pet. 4.) *Saffold*, 536 U.S. at 221; *Evans*, 546 U.S. at 192.  Given 307 days of statutory tolling, the limitation period was extended from September 27, 2006, to July 31, 2007.

Petitioner is not entitled to statutory tolling for the period during which her last three state habeas petitions were pending, and later denied in the appellate courts,

---

[4]    As previously noted above, on August 24, 2006, Petitioner filed her first state habeas petition in the Riverside County Superior Court (No. RIC459749) that was summarily denied on November 14, 2006.  (Pet. 4; Official records of California courts.)  Further, on December 19, 2006, Petitioner filed a second habeas petition in the California Court of Appeal (No. E041977) that was summarily denied on January 2, 2007.  (*Id.*)  On January 29, 2007, Petitioner filed her third habeas petition in the California Supreme Court (No. S149797) that was denied on June 27, 2007, citing *In re Swain*, 34 Cal. 2d 300, 304 (1949) and *People v. Duvall*, 9 Cal. 4th 464, 474 (1995). (*Id.*)

because she was not proceeding to the next higher level of review.[5/]  (*Id.*)  *Saffold*, 536 U.S. at 221; *Evans*, 546 U.S. at 192; *Biggs v. Duncan*, 339 F.3d 1045, 1048 (9th Cir. 2003) (In order for a petitioner to toll the interval between two state applications for post-conviction relief, she normally must have "worked [her] way up the ladder" of state courts.)  Here, Petitioner returned to a lower court after the state's highest court dismissed her claims on June 27, 2007, thereby precluding tolling.  (*Id.*)

Thus, Petitioner is not entitled to statutory tolling for her remaining fourth through sixth state habeas petitions because the petitions were filed after the extended statute of limitations period expired on July 31, 2007, and has no tolling consequence. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2254 does not permit the reinitiation of the limitations period that has ended before the state petition was filed"); *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001) (stating that filing of state petition after AEDPA's one-year time period has elapsed bars federal habeas review); *Webster v. Moore*, 199 F.3d 1259 (11th Cir. 2000) ("A state-court petition [] that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled").

Accordingly, the face of the Petition and relevant state court records establish that this Petition, constructively filed on June 8, 2008, is untimely by 313 days (the amount of untolled time between the new limitation deadline (07/31/07) and the Petition's filing date (06/08/08)).

---

[5/]     After Petitioner completed her first round of collateral review to the California Supreme Court, on September 17, 2007, Petitioner returned to the California Court of Appeal (No. E044082) and filed her fourth state habeas petition that was denied on September 25, 2007.  (Pet. 5; Official records of California courts.)  On October 22, 2007, Petitioner filed her fifth state habeas petition in the California Supreme Court (No. S157421) that was denied on April 9, 2008.  (Pet. 4; Official records of California courts.)  Finally, on May 14, 2008, Petitioner filed her sixth state habeas petition in the California Supreme Court (No. S163540) that is currently pending.  (*Id.*)

### 2.     2007 Petition

Petitioner's 2007 Petition also has no bearing on the Court's timeliness analysis. By AEDPA's express terms under § 2244(d)(2), the one-year limitation period is only tolled during the pendency of "a properly filed application for *State* post-conviction or other collateral review." 28 U.S.C. § 2244(d)(2) (emphasis added).  Section 2244(d)(2) does not toll the limitation period while a *federal* habeas petition is pending.  *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).  Further, the pending action cannot "relate back" to the 2007 Petition because that action was dismissed.  *See Rasberry v. Garcia*, 448 F.3d 1150, 1155 (9th Cir. 2006) ("a habeas petition filed after the district court dismisses a previous petition without prejudice for failure to exhaust state remedies cannot relate back to the original habeas petition"); *Dils v. Small*, 260 F.3d 984, 986 (9th Cir. 2001).  Moreover, Petitioner does not qualify for the very narrow exception to this "relation back" rule because the 2007 Petition was *properly* dismissed.  Even if the current Petition *could* relate back to the 2007 Petition, the Petition is still time-barred because the 2007 Petition was filed after Petitioner completed her first round of collateral review, and after the extended statute of limitations period had already expired.

## D.     Alternative Start of the Statute of Limitations

### 1.     State-Created Impediment

In rare instances,  AEDPA provides that its one-year limitation period shall run from "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." 28 U.S.C. § 2244(d)(1)(B).  Asserting that the statute of limitations was delayed by a state-created impediment requires a showing of a due process violation. *Lott v. Mueller*, 304 F.3d 918, 925 (9th Cir. 2002). Petitioner's OSC Response, the face of the Petition, and relevant state court records do not set forth any facts showing that Petitioner is entitled to relief under this provision.

### 2.     Newly Recognized Constitutional Right

AEDPA provides that, if a claim is based upon a constitutional right that is newly recognized and applied retroactively to habeas cases by the United States Supreme Court, the one-year limitation period begins to run on the date which the new right was initially recognized by the United States Supreme Court.  28 U.S.C. § 2244(d)(1)(C).  Petitioner's OSC Response, the face of the Petition, and relevant state court records do not set forth any facts that show Petitioner is entitled to relief under this provision.

### 3.    Discovery of Factual Predicate

AEDPA also provides that, in certain cases, its one-year limitation period shall run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D).  Petitioner's OSC Response, the face of the Petition, and relevant state court records do not set forth any facts showing that Petitioner is entitled to relief based upon a late discovery of the factual predicate.

### E.    Equitable Tolling

"[E]quitable tolling is justified in few cases," and "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule."  *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003).  "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807 (2005). In her OSC Response, Petitioner appears to proffer two  grounds for equitable tolling.  As the ensuing analysis demonstrates, neither of these apparent grounds satisfy the *Pace* elements for equitable tolling.

///

///

### 1.    Lack of Legal Training, Representation, and/or Education Claims

Petitioner generally appears to contend she is entitled to equitable tolling

1   because of her lack of legal training, lack of legal representation, and/or general lack

2   of education.  (OSC Response 2.)  The Court rejects this contention.  Neither the lack

3   of assistance, education, or ignorance of the law qualify as extraordinary circumstances

4   warranting equitable tolling.  *See Rasberry*, 448 F.3d at 1154 ("a pro se petitioner's

5   lack of legal sophistication is not, by itself, an extraordinary circumstance warranting

6   equitable tolling" of AEDPA's limitation period); *Romeo v. Alameida*, No. C02-2263

7   VRW (PR), 2003 WL 21714024, *4 (N.D. Cal. July 16, 2003); *Ekenberg v. Lewis*, No.

8   C 98-1450 FMS (PR), 1999 WL 13720, *2 (N.D. Cal. Jan. 12, 1999) ("Ignorance of

9   the law and lack of legal assistance do not constitute such extraordinary

10  circumstances."); *Bolds v. Newland*, No. C 97-2103 VRW (PR), 1997 WL 732529, *2

11  (N.D. Cal. Nov. 12, 1997) (same); *see also Hinton v. Pac. Enter.*, 5 F.3d 391, 396-97

12  (9th Cir. 1993) (mere ignorance of the law generally is an insufficient basis to

13  equitably toll the running of an applicable statute of limitations); *Barrow v. New*

14  *Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir. 1991) (neither "lack of knowledge of

15  applicable filing deadlines," nor "unfamiliarity with the legal process," nor "lack of

16  representation during the applicable filing period," nor "illiteracy," provides a basis for

17  equitable tolling); *cf. Hughes v. Idaho State Bd. of Corr.*, 800 F.2d 905, 909 (9th

18  Cir.1986) (holding pre-AEDPA that illiteracy of *pro se* prisoner is insufficient to meet

19  standard of an objective, external factor amounting to "cause" for purposes of avoiding

20  procedural bar on habeas claims).

21          **2.     Medical Disabilities**

22          Petitioner also appears to allege that  she is entitled to equitable tolling because

23  any delay should be attributed to her visual and hearing impairments.  (OSC Response

24  2.)  Aside from her vague and conclusory allegations, none of the medical impairments

25  that she claims to suffer from establish that they prevented her from filing a timely

26  Petition.  Moreover, physical disabilities alone do not warrant equitable tolling where

27  other evidence shows the petitioner could still have filed a timely petition.  *See Gaston*

28  *v. Palmer*, 417 F.3d 1030, 1034-35 (9th Cir. 2005) (petitioner was not entitled to

equitable tolling based upon physical and mental disabilities since he prepared and filed a state habeas petition while suffering from the alleged disabilities).  Since her conviction in October 2003, Petitioner's own actions establish that she has proven to be an active legal researcher and writer in the prison system.  Indeed, with the exception of "the very first [state habeas] appeal" filed with the assistance of her attorney sometime around "July 6, 2006," she managed to file *five* subsequent state habeas petitions during the course of her purported medical disabilities.  Petitioner has quite simply failed to show the slightest causal link between the alleged disabilities and her failure to file a federal habeas petition on time.  *Allen v. Lewis*, 255 F.3d 798, 800-01 (9th Cir. 2001) ("the prisoner must show that the 'extraordinary circumstances' were the but-for and proximate cause of [her] untimeliness.").  Regardless of *how* Petitioner managed to file five state habeas petitions, write letters, and investigate her case, the undisputed fact is that she accomplished these things in spite of her alleged disabilities.  Thus, Petitioner has failed to show that her alleged disabilities amounted to extraordinary circumstances beyond her control that made it *impossible* for her to file a timely petition.  *Brambles v. Duncan*, 412 F.3d 1066, 1069 (9th Cir. 2005).

To recap, the Court finds Petitioner is not entitled to equitable tolling because she has failed to satisfy either of the *Pace* elements.  Petitioner has not met her burden to show she was reasonably diligent in pursuing federal habeas relief throughout the time that AEDPA's limitation period was running, nor has she established that any extraordinary circumstance beyond her control made it *impossible* for her to file the Petition on time, despite having an opportunity to do so.  *Id.* at 1069.  Thus, the Court finds the OSC Response, Petition, and relevant state court records establish the Petition is untimely and subject to dismissal with prejudice.

///

///

# O R D E R

The Court finds the Petition must be dismissed because it is time-barred for the

reasons stated above and in the Court's OSC.  Further, by way of the OSC, the Court finds Petitioner has already received notice and an opportunity to show cause why the Petition should not be dismissed as time-barred, which Petitioner has taken advantage of by filing her aforementioned OSC Response.  In this regard, the Court has reviewed the OSC Response and finds the objections to the OSC lack merit, therefore, the objections are overruled.   ACCORDINGLY, IT IS HEREBY ORDERED THAT the reference to the Magistrate Judge is vacated and the Petition is dismissed with prejudice.   The Clerk is directed to enter judgment dismissing the action with prejudice.  Any and all pending motions are terminated.

DATED: July 31, 2008                    /s/      JOHN F. WALTER
                                        JOHN F. WALTER
                                        UNITED STATES DISTRICT JUDGE

Presented by:


/ s /   ARTHUR NAKAZATO
         Arthur Nakazato
United States Magistrate Judge